Vincent A. MONTOYA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–99–095–CR, 10–99–096–CR.

Court of Appeals of Texas,
Waco.

Feb. 28, 2001.

Lauren B. Chadwick, Ft. Worth, for appellant.

Charles M. Mallin, Tarrant County Asst. Dist. Atty., Edward L. Wilkinson, Tarrant County Asst. Dist. Atty., Ft. Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Vincent A. Montoya was found guilty by a jury of the crimes of aggravated sexual assault and aggravated kidnapping. On

appeal, Montoya complains that (1) the 911 tape was not properly authenticated and should not have been admitted; (2) the trial court erred in denying his motion for mistrial after the State published the 911 tape which included prejudicial statements; and (3) the State improperly bolstered the victim's identification testimony. We affirm the judgment of the trial court in each of the companion cases.

## FACTUAL AND PROCEDURAL BACKGROUND

Montoya does not challenge the sufficiency of the evidence, thus only a brief recitation of the facts is needed. On September 14, 1997, Montoya kidnapped Kristen Ficaro from her friend's car which Montoya had forced off the road in a desolate area. Montoya then transported Ficaro to a house in Fort Worth, Texas. While there, Ficaro was forced to perform oral sex and repeatedly raped by both Montoya and his accomplice. After the men fell asleep, Ficaro was able to escape from the house and call 911 from a neighboring house. Soon the police arrived and arrested both men, who were still asleep in the house.

Montoya was charged with aggravated kidnapping with a deadly weapon and aggravated sexual assault. Both indictments contained enhancement paragraphs. He pled not guilty to both charges. The two offenses were tried together. The jury convicted him of both. The jury also found that a deadly weapon was used and exhibited during the commission of the aggravated kidnapping offense. They assessed the maximum punishment of life in the Texas Department of Criminal Justice plus a $10,000 fine in both cases. Because the offenses arose from the same criminal episode, the sentences run concurrently.

Notice of appeal was timely filed. He appeals his convictions for both offenses [1] in nine issues.

## AUTHENTICATION

In issues one and two, appellant argues that the audiotape of the victim's 911 call was not properly authenticated and was, therefore, inadmissible. He also complains that the proper predicate was not established for the tape's admission. We disagree.

Texas Rule of Evidence 901 governs the authentication of electronic recordings. *Leos v. State,* 883 S.W.2d 209, 211–12 (Tex.Crim.App.1994). Rule 901 prescribes the requirement for authentication and identification, the general rule being that "as [a] condition precedent to admissibility," the authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Stapleton v. State,* 868 S.W.2d 781, 783 (Tex. Crim.App.1993); *see* TEX.R.EVID. 901(a) (Vernon Supp.2000). Rule 901 "does not indicate when and in what respect evidence must be authenticated ." *Stapleton,* 868 S.W.2d at 785. However, the rule does provide some examples. An example of authentication conforming with Rule 901 is the testimony of a witness with knowledge. *See* TEX.R.EVID. 901(b).

Officer Nesbitt testified that she was the custodian of the 911 tapes, that the tape was made in the ordinary course of business at the Fort Worth Police Department, that it was made at or near the time of the events recorded, that the record was made by a person with the responsibility for making such record, and that the record was made by a person with

---

1. *Vincent A. Montoya v. State,* 10–99–00095–CR addresses cause number 0715225AR, the offense of Aggravated Sexual Assault. *Vincent A. Montoya v. State,* 10–99–00096–CR addresses cause number 0715230AR, the offense of Aggravated Kidnapping with a deadly weapon.

knowledge of the events recorded. Defense counsel asked Nesbitt on voir dire if the tape was the actual 911 tape that was made by the police department. She stated "no" and explained that the actual 911 calls are recorded on "four-millimeter DAT tapes," which are "data cartridges." Defense counsel then objected as follows:

> Object just to 27, Your Honor. Does not appear to have been the actual tape, and there is no predicate laid for—regarding the authenticity of 27 and the accuracy of 27. There has been no testimony that this is a copy of the 911.

The State then asked Nesbitt whether exhibit 27 was an exact copy of the original 911 tape of which she was custodian. She answered in the affirmative. The State then re-offered the tape. Defense counsel then took Nesbitt again on voir dire and asked whether she had made the copy, to which she answered "no." Montoya then reurged his same objection. The court overruled the objection and admitted the 911 tape.

Nesbitt's testimony was sufficient to meet the authentication requirements under Rule 901. The fact that Nesbitt did not copy the tape herself was not relevant to the admissibility of the audiotape. She testified that she had listened to the tape and that she was the custodian of 911 tapes. This was testimony that the exhibit was what the State claimed it to be in accordance with Rule 901. TEX.R.EVID. 901(a). Accordingly, issues one and two are overruled.

## CONSTITUTIONAL ISSUES

■ Montoya contends in issues three and four that he was denied due process and a fair trial under the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution by admission of the 911 tape that was not properly authenticated. His objection at trial only involved the authenticity of the 911 tape and not the constitutional assertions. To preserve error for review on appeal, a defendant's complaint on appeal must comport with the objection raised at trial. See TEX.R.APP.P. 33.1; Santellan v. State, 939 S.W.2d 155, 171 (Tex.Crim.App.1997). In this case, because the constitutional grounds upon which Montoya challenges the admission of the 911 tape on appeal are different from those he raised in an objection at trial, issues three and four are not properly preserved for our review. Accordingly, these issues are overruled.

## MOTION FOR MISTRIAL

■ In his fifth, sixth, seventh, and eighth issues, Montoya contends that the trial court erred in not granting his request for a mistrial following alleged prosecutorial misconduct in connection with the audiotape of the victim's 911 call. When the State published the audiotape to the jury, it included an introductory statement made by a Fort Worth police officer. The officer stated that the tape was on offense 97552210, an aggravated kidnapping sexual assault that occurred September 14, 1997, at 921 Beddell Street. Montoya's counsel then made the following objection, "Your Honor, excuse me. I'm going to object to that preparatory material." The trial court sustained Montoya's objection. Defense counsel then requested that the court instruct the jury to disregard the language. The trial court gave the jury the following clear, direct and unequivocal instruction:

> You will disregard everything you just heard on that tape. And when I say, "disregard it," I mean it is like you've never heard it. You won't consider it, you won't deliberate upon it, it did not happen.

Defense counsel then asked to approach and during the bench conference moved

for a mistrial. The Court denied the motion for a mistrial.

Prosecutorial misconduct was never mentioned during the bench conference. The closest the defendant ever came was a vague reference that he had not heard the introductory portion of the tape. After moving for a mistrial, which was denied, the following dialogue occurred at the bench:

Defendant: That's not what you—all you said it was a tape. You said, this is a 911 call.

State: They have both heard this, that if they had objection to—I didn't do that intentionally, but both these lawyers have heard that tape on more that [sic] one occasion.

Defendant: I don't ever remember.

State: I played it for you.

Defendant: I know you played the tape.

Court: So you are worried about the implication on here? I understood it was [a] 911 tape, not a discussion.

State: Okay.

Court: Okay. Is the remainder of the tape the actual 911 call that had been testified about?

State: It is.

The bench conference ended and the State played the remainder of the tape in front of the jury.

■ In order to preserve error in cases of prosecutorial misconduct, the defendant must (1) make a timely and specific objection; (2) request an instruction that the jury disregard the matter improperly placed before the jury; and (3) move for a mistrial. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996). Regarding the specificity of the objection, "all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for

the judge to understand him at a time when the court is in a proper position to do something about it." *Lankston v. State,* 827 S.W.2d 907 (Tex.Crim.App.1992). However, when it appears from the context that a party failed effectively to communicate his desire, then the reviewing court should not hesitate to hold that appellate complaints arising from the event have been lost. *Loredo v. State,* 32 S.W.3d 348, 352 (Tex.App.—Waco 2000, no pet.).

■ Although Montoya objected at trial, he did not object on the basis of prosecutorial misconduct. Montoya's vague objection, including the bench conference, did not adequately inform the trial court of the complaint now urged on appeal. *Jackson v. State,* 516 S.W.2d 167, 175 (Tex.Crim. App.1974). Thus, the failure to make a specific objection at trial based upon prosecutorial misconduct or to argue during the bench conference that it was the basis upon which the motion for mistrial should be granted precludes our review based on this theory. *See id.* It is appellant's burden to not only preserve the alleged error for review, but to present a record of the alleged error sufficient for us to review it and determine if it was error and if so whether the defendant was harmed. Here the defendant has not presented an adequate record for us to determine what grounds were being argued as the basis for a motion for mistrial, if it was error to overrule the motion or to determine if the alleged error was harmful. Because Montoya presents nothing for appellate review, issues five, six, seven, and eight are overruled.

## BOLSTERING

■ In his ninth issue, Montoya maintains that the trial court erred by allowing the State to bolster the victim's testimony about her live identification of Montoya. The victim testified that she identified

Montoya while still near the crime scene. She was then cross-examined by Montoya. Thereafter, the State called the police officer who had been with the victim in the ambulance when she identified Montoya. The officer testified, over Montoya's "bolstering" objection, that the victim had identified Montoya as one of her attackers.

 "Bolstering" occurs when one piece of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Guerra v. State,* 771 S.W.2d 453, 474 (Tex.Crim.App.1988), *cert. denied,* 492 U.S. 925, 109 S.Ct. 3260, 106 L.Ed.2d 606 (1989). "Bolstering" is "any evidence the sole purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing 'to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Cohn v. State,* 849 S.W.2d 817, 819 (Tex.Crim.App.1993).

After the officer had testified to the victim's identification of Montoya, Montoya raised the following objection: "Your honor, I'm going to object to bolstering." No specific rules of evidence were identified and no "theory of bolstering" was identified or discussed. The trial court responded, "sustained ... well overruled." Montoya's brief attempts to address Judge Campbell's concurring opinion in *Cohn* that bolstering objections did not survive the adoption of the rules of evidence. Montoya also argues an intricate theory based upon multiple rules of evidence and

an extensive review of the victim's testimony that admission of the officer's testimony was improper. After setting out the victim's and the officer's testimony, Montoya's brief is as follows:

> Bolstering rules surviving the adoption of the Texas Rules of Evidence include 613(c) and 608(a). In this case, Appellant's theory of bolstering stems from Rule 613(c). In conjunction with Rule 801(e)(1)(B), Rule 613(c) provides that prior statement of a witness that is consistent with her testimony at trial is not admissible except "to rebut an express or implied charge ... of recent fabrication or improper influence or motive...." *See* TEX.R.EVID. 613(c); 801(e)(1)(B).

This theory for excluding the evidence was never presented to the trial court for determination.

Montoya's general objection of bolstering did not sufficiently inform the trial court of the nature of the objection. The victim had been cross-examined about the identification of Montoya while she was in the ambulance. The trial court had no way of knowing that the bolstering objection was based on the theory that the cross-examination of the victim on her identification of Montoya was not successful in impeaching her testimony and, thus, the introduction of a prior consistent statement was not admissible. On the record before us the "bolstering" objection was inadequate to preserve the complaint now presented on appeal.[2] Accordingly, Montoya's ninth issue is overruled.

2. While we need not decide for this appeal whether "bolstering" would ever be an adequate objection to preserve error for appellate review, we note Judge Campbell's concurring opinion (joined by Judges White and Baird) that the bolstering objection may not have survived the adoption of the rules of evidence. As he stated:

> While I agree with the result reached by the majority of the Court, I write separately to express my belief that a "bolstering" objection is no longer adequate to preserve error for review concerning the admission of evidence because no such ground survived the Texas Rules of Criminal Evidence.

## Conclusion

We affirm the judgment of the trial court in each of the companion cases.

Prior to the adoption of the Rules of Evidence, "bolstering" was a proper objection when one item of evidence was used by a party to add credence or weight to some earlier unimpeached evidence that the same party had offered. *McKay v. State*, 707 S.W.2d 23, 33 (Tex.Crim.App.1985), cert. denied, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Crim.App.1978); *Frison v. State*, 473 S.W.2d 479 (Tex.Crim.App. 1971); *Acker v. State*, 421 S.W.2d 398 (Tex. Crim.App.1967). Under case law existing prior to the promulgation of the Rules of Evidence, bolstering an unimpeached witness was "automatically" error. The Rules of Evidence, however, do not contain a specific rule pertaining to or prohibiting "bolstering." Moreover, nothing in the Rules prevents a party from adding credence to an unimpeached witness or adding credence to other evidence as long as that additional evidence is relevant. In fact, the Rules favor admissibility. *See* Rules 402, 403. Therefore, if such "bolstering" evidence is presented, the party seeking exclusion must object in accord with the Rules of Evidence so as to inform the trial court that the evidence is not relevant (Rule 402), the evidence is substantially prejudicial, confusing, needlessly cumulative (Rule 403), or otherwise specify a rule or reason found in the Rules to exclude the evidence.

Given the focus of the Rules favoring admission, as well as the lack of a specific prohibition of this type of evidence, an objection that certain evidence is "bolstering" in no way invokes the Rules or informs the trial court of the basis for exclusion under the Rules. "Bolstering" evidence is no longer inadmissible simply due to the fact it adds credence to unimpeached testimony. The Rules of Evidence do not bar evidence which is otherwise relevant just because that evidence may add credence to unimpeached testimony. Therefore, a party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded.

*Cohn v. State*, 849 S.W.2d 817, 821 (Tex.Crim.App.1993)(footnote omitted).