NO. 07-03-0221-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 28, 2004

_____


JIMMY BRUCE EDWARDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 87636; HONORABLE LAYNE WALKER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Jimmy Bruce Edwards was convicted by a jury of robbery, enhanced by two prior felony convictions, and punishment was assessed at 25 years confinement. Presenting two issues, appellant contends the trial court (1) erred in excluding certain of his testimony, to wit: that he was not guilty of robbing the victim, and

(2) committed reversible error in allowing the State to strike at him over the shoulders of defense counsel.

Late at night on August 10, 2002, Ralph Ponder was leaving an adult bookstore. According to his testimony, when he removed his keys from his pocket to unlock his truck, appellant came up from behind, stuck a pointed object in his back, and robbed him. The victim was able to get away and run into the bookstore where he asked employees to call the police. Two employees told the victim that appellant was a frequent customer and they knew where he parked his car. They exited the store and went around the back of the building where they observed appellant sitting in his car going through the victim's wallet. Appellant noticed them and ran to the other side of the building where he was apprehended by police.

By his first issue, appellant asserts the trial court erred in excluding certain of his testimony that he was not guilty of robbing the victim. While appellant was testifying, his counsel asked, "Are you guilty of robbing this man – Mr. Ponder –"? The State's objection that counsel was attempting to bolster his witness was sustained. By its brief, the State confesses that error occurs when a defendant is not allowed to profess his innocence and further concedes that an offer of proof was not necessary because the substance of the

excluded evidence was apparent from the context of the question.[1]  The State, however, argues the error was harmless.   We agree.

Except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error is categorically immune to a harmless error analysis.  Cain v. State, 947 S.W.2d 262, 264 (Tex.Cr.App. 1997) (en banc).  During direct examination and just prior to the question the State objected to, defense counsel asked appellant what transpired when the police arrived at the scene.  Appellant answered:

> Okay.  When I got there, they said, "We had a call that said you had robbed somebody in front of the bookstore."
> And I said, "I ain't robbed nobody."  I said, "If I would have robbed somebody, then I wouldn't have still been up here."

Later, during cross-examination, appellant testified, "I didn't rob Mr. Ponder," and "I ain't robbed nobody."

The standard on exclusion of cumulative evidence and harmless error dictates that no harm results when evidence is excluded if other similar evidence is admitted.  Womble v. State, 618 S.W.2d 59, 61 (Tex.Cr.App. 1981); *see also* Lindsay v. State, 102 S.W.3d 223 (Tex.App.–Houston [14th Dist.] 2003, pet. ref'd).   At least three times, appellant was

---

[1]To preserve error regarding the exclusion of evidence, an offer of proof is required unless it was apparent from the context of the question asked.  Tex. R. Evid. 103(a)(2); *see also* Williams State, 937 S.W.2d 479, 489 (Tex.Cr.App. 1996).

3

permitted to testify that he did not rob the victim. Thus, any error in sustaining the State's objection was harmless. Issue one is overruled.

By his second issue, appellant asserts the trial court reversibly erred in allowing the State to strike at him over the shoulders of defense counsel. We disagree. It is axiomatic that the State may not strike at a defendant over the shoulders of his counsel or accuse defense counsel of bad faith or insincerity. Wilson v. State, 938 S.W.2d 57, 60 (Tex.Cr.App. 1996), citing Fuentes v. State, 664 S.W.2d 333, 335 (Tex.Cr.App. 1984). During cross-examination, appellant testified that when the victim and two store employees came looking for him, one of them had a gun. The prosecutor then asked:

> Q. How come your lawyer didn't ask you that awhile ago when you were testifying?
>
> [Defense counsel]: Objection, Your Honor. He's commenting on the way that I've decided to defend this case. It's improper.
>
> Court: Sustain. Move forward.
>
> Q. [Prosecutor]: How come just now it's coming out that someone appears with a gun?
>
> [Defense counsel]: Objection. He only answered the questions he was asked. Again, it's an improper examination.
>
> Court: Overruled.

The prosecutor again asked why it was just coming out that someone had a gun and appellant answered that he did not know.

4

Appellant argues that although his first objection was sustained, he was harmed when the State was allowed to imply the same by the questions that followed. He further argues the line of questioning invaded the attorney/client privilege. *See* Tex. R. Evid. 503(b). Neugebauer v. State, 974 S.W.2d 374, 377 (Tex.App.–Amarillo 1998, pet. ref'd). As the State urges, in order to preserve error in cases of prosecutorial misconduct, a defendant must (1) make a timely and specific objection; (2) request an instruction that the jury disregard the matter; and (3) move for a mistrial. *See* Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Cr.App. 1996); *see also* Neugebauer v. State, 974 S.W.2d 374, 377 (Tex.App.–Amarillo 1998, pet. ref'd) (asking an improper question is generally cured by an instruction to disregard).

Although most instances of prosecutorial misconduct occur during argument,[2] in *Fuentes*, 664 S.W.2d at 335, while defense counsel was cross-examining an investigator, he asked a question which the prosecutor objected to with improper remarks accusing defense counsel of acting in "bad faith like usual." After the trial court sustained the State's objection and instructed the jury to disregard, defense counsel moved for a mistrial which was denied. *Id.* Here, after defense counsel's first objection was sustained, he did not request an instruction to disregard nor move for a mistrial. *See also* Montoya v. State, 43 S.W.3d 568, 571-72 (Tex.App.–Waco 2001, no pet.) (concluding that review of alleged prosecutorial misconduct during publication of a 911 audiotape to the jury was not

---

[2]Mosley v. State, 983 S.W.2d 239, 258-59 (Tex.Cr.App. 1998), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 466, 143 L.Ed.2d 550 (1999).

preserved).  Thus, appellant failed to preserve for review any allegation of prosecutorial misconduct.  Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.[3]

Don H. Reavis
Justice

Do not publish.

---

[3]Quinn, J., concurs in the result.