NO. 07-03-0221-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 28, 2004



______________________________




JIMMY BRUCE EDWARDS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;



NO. 87636; HONORABLE LAYNE WALKER, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of not guilty, appellant Jimmy Bruce Edwards was convicted by
a jury of robbery, enhanced by two prior felony convictions, and punishment was assessed
at 25 years confinement. Presenting two issues, appellant contends the trial court (1) erred
in excluding certain of his testimony, to wit: that he was not guilty of robbing the victim, and
(2) committed reversible error in allowing the State to strike at him over the shoulders of
defense counsel.

 Late at night on August 10, 2002, Ralph Ponder was leaving an adult bookstore. 
According to his testimony, when he removed his keys from his pocket to unlock his truck,
appellant came up from behind, stuck a pointed object in his back, and robbed him. The
victim was able to get away and run into the bookstore where he asked employees to call
the police. Two employees told the victim that appellant was a frequent customer and they
knew where he parked his car. They exited the store and went around the back of the
building where they observed appellant sitting in his car going through the victim's wallet. 
Appellant noticed them and ran to the other side of the building where he was apprehended
by police. 

 By his first issue, appellant asserts the trial court erred in excluding certain of his
testimony that he was not guilty of robbing the victim. While appellant was testifying, his
counsel asked, "Are you guilty of robbing this man - Mr. Ponder -"? The State's objection
that counsel was attempting to bolster his witness was sustained. By its brief, the State
confesses that error occurs when a defendant is not allowed to profess his innocence and
further concedes that an offer of proof was not necessary because the substance of the
excluded evidence was apparent from the context of the question. (1) The State, however, 
argues the error was harmless. We agree.

 Except for certain federal constitutional errors labeled by the United States Supreme
Court as "structural," no error is categorically immune to a harmless error analysis. Cain
v. State, 947 S.W.2d 262, 264 (Tex.Cr.App. 1997) (en banc). During direct examination
and just prior to the question the State objected to, defense counsel asked appellant what
transpired when the police arrived at the scene. Appellant answered:

 Okay. When I got there, they said, "We had a call that said you had robbed
somebody in front of the bookstore." 

 And I said, "I ain't robbed nobody." I said, "If I would have robbed somebody,
then I wouldn't have still been up here."


Later, during cross-examination, appellant testified, "I didn't rob Mr. Ponder," and "I ain't
robbed nobody."

 The standard on exclusion of cumulative evidence and harmless error dictates that
no harm results when evidence is excluded if other similar evidence is admitted. Womble
v. State, 618 S.W.2d 59, 61 (Tex.Cr.App. 1981); see also Lindsay v. State, 102 S.W.3d 223
(Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). At least three times, appellant was
permitted to testify that he did not rob the victim. Thus, any error in sustaining the State's
objection was harmless. Issue one is overruled.

 By his second issue, appellant asserts the trial court reversibly erred in allowing the
State to strike at him over the shoulders of defense counsel. We disagree. It is axiomatic
that the State may not strike at a defendant over the shoulders of his counsel or accuse
defense counsel of bad faith or insincerity. Wilson v. State, 938 S.W.2d 57, 60
(Tex.Cr.App. 1996), citing Fuentes v. State, 664 S.W.2d 333, 335 (Tex.Cr.App. 1984).
During cross-examination, appellant testified that when the victim and two store employees
came looking for him, one of them had a gun. The prosecutor then asked:

 Q. How come your lawyer didn't ask you that awhile ago when you were
testifying? 

 [Defense counsel]: Objection, Your Honor. He's commenting on the way that
I've decided to defend this case. It's improper.

 Court: Sustain. Move forward.

 Q. [Prosecutor]: How come just now it's coming out that someone appears
with a gun?

 [Defense counsel]: Objection. He only answered the questions he was
asked. Again, it's an improper examination.

 Court: Overruled.


The prosecutor again asked why it was just coming out that someone had a gun and
appellant answered that he did not know.

 Appellant argues that although his first objection was sustained, he was harmed
when the State was allowed to imply the same by the questions that followed. He further
argues the line of questioning invaded the attorney/client privilege. See Tex. R. Evid.
503(b). Neugebauer v. State, 974 S.W.2d 374, 377 (Tex.App.-Amarillo 1998, pet. ref'd). 
As the State urges, in order to preserve error in cases of prosecutorial misconduct, a
defendant must (1) make a timely and specific objection; (2) request an instruction that the
jury disregard the matter; and (3) move for a mistrial. See Cockrell v. State, 933 S.W.2d
73, 89 (Tex.Cr.App. 1996); see also Neugebauer v. State, 974 S.W.2d 374, 377
(Tex.App.-Amarillo 1998, pet. ref'd) (asking an improper question is generally cured by an
instruction to disregard).

 Although most instances of prosecutorial misconduct occur during argument, (2) in
Fuentes, 664 S.W.2d at 335, while defense counsel was cross-examining an investigator, 
he asked a question which the prosecutor objected to with improper remarks accusing
defense counsel of acting in "bad faith like usual." After the trial court sustained the State's
objection and instructed the jury to disregard, defense counsel moved for a mistrial which
was denied. Id. Here, after defense counsel's first objection was sustained, he did not
request an instruction to disregard nor move for a mistrial. See also Montoya v. State, 43
S.W.3d 568, 571-72 (Tex.App.-Waco 2001, no pet.) (concluding that review of alleged
prosecutorial misconduct during publication of a 911 audiotape to the jury was not
preserved). Thus, appellant failed to preserve for review any allegation of prosecutorial
misconduct. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed. (3)

 Don H. Reavis

 Justice

 

 

Do not publish.
1. To preserve error regarding the exclusion of evidence, an offer of proof is required
unless it was apparent from the context of the question asked. Tex. R. Evid. 103(a)(2); see
also Williams State, 937 S.W.2d 479, 489 (Tex.Cr.App. 1996).
2. Mosley v. State, 983 S.W.2d 239, 258-59 (Tex.Cr.App. 1998), cert. denied, 526
U.S. 1070, 119 S.Ct. 466, 143 L.Ed.2d 550 (1999).
3. Quinn, J., concurs in the result.



 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0211-CR

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
E

 

AUGUST 23, 2011

 

______________________________

 

 

JIMMY
DORSEY, APPELLANT

 

V.

 

THE
STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM
THE 47TH DISTRICT COURT OF POTTER COUNTY;

 

NO.
60,615-A; HONORABLE DAN SCHAAP, JUDGE[1]

_______________________________

 

Before HANCOCK
and PIRTLE, JJ. and BOYD, S.J.[2]

MEMORANDUM
OPINION

            Following a plea of not guilty,
Appellant, Jimmy Dorsey, was convicted by a jury of unauthorized use of a
vehicle,[3]
enhanced, and sentenced to thirteen years confinement.  In presenting this appeal, counsel has filed
an Anders[4]
brief in support of a motion to withdraw. 
We grant counsel=s motion and affirm.

In support of his motion to withdraw, counsel
certifies he has conducted a conscientious examination of the record and, in
his opinion, the record reflects no potentially plausible basis to support an
appeal.  Anders v.
California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In
re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied
with the requirements of Anders and In re Schulman by (1)
providing a copy of the brief to Appellant, (2) notifying him of his right to
file a pro se response if he desired
to do so, and (3) informing him of his right to file a pro se petition for discretionary review.  In re Schulman, 252
S.W.3d at 408.[5]  By letter, this Court granted Appellant
thirty days in which to exercise his right to file a response to counsel=s brief,
should he be so inclined.  Id. at 409 n.23. 
Appellant did not file a response.  Neither did the State favor us with a brief.

            The victim, Eddie
England, testified that he and Appellant met at a pub and he offered Appellant
a ride to a friend's home afterwards. 
Appellant later showed up at England's and England, believing Appellant
was a prowler, called police.  After
officers arrived, the mistake was cleared up and England allowed Appellant to
stay with him.  According to England, the
next morning in the garage, Appellant made unwanted sexual advances toward him
and when he dozed off in a chair, he was hit by Appellant with a bottle.  When he woke up, he was again attacked by
Appellant with a knife.  England made it
to the bathroom to wash up and then noticed Appellant drive away in his pickup.  He called the police and after they arrived,
he was taken to a local hospital and then flown to Lubbock by helicopter for
further treatment.  England testified
that Appellant did not have permission to take his pickup.

During his testimony, Appellant offered a
conflicting version of the events leading to England's injuries.  Appellant testified that he had met England a
week earlier at a pub and encountered him again a week later.  He claims England offered him a ride to his
home where they drank excessively and talked for hours in England's
garage.  According to Appellant, he asked
to use the bathroom and as he tried to enter the house, England made unwanted
sexual advances toward him which included grabbing him by the neck and buttocks.  In an attempt to defend himself against a
sexual assault, Appellant struck England on the head with a bottle and also
picked up a knife to continue defending himself.  According to Appellant, he saw England's
pickup keys on a table, picked them up, and managed to drive away in England's
pickup.  

            By the Anders brief, counsel raises the legal
and factual sufficiency of the evidence as an arguable issue[6]
and then candidly discusses the State's evidence as well as Appellant's
testimony as being sufficient to prove the elements of unauthorized use of a
vehicle.  He also notes that Appellant
was given every defensive instruction requested and was zealously represented
by trial counsel.  Although Appellant
testified to raise the defenses of self defense and necessity, Tex. Penal Code
Ann. §§ 9.22 and 9.31 (West 2011), the jury rejected his theories.  

            We have independently
examined the entire record to determine whether there are any non-frivolous
issues which might support the appeal.  See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In
re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d
503, 511 (Tex.Crim.App. 1991).  We have
found no such issues.  See Gainous v. State, 436 S.W.2d 137
(Tex.Crim.App. 1969).  After reviewing
the record and counsel=s brief, we agree with counsel that
there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted
and the trial court=s judgment is affirmed. 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

Do
not publish.

 











[1]Hon.
David Gleason, sitting by assignment, Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).





[2]Hon.
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. §
75.002(a)(1) (West 2005).





[3]Tex. Penal Code Ann. § 31.07 (West 2011).





[4]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[5]Notwithstanding that Appellant was informed of his
right to file a pro se petition for
discretionary review upon execution of the Trial Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate
Procedure which provides that counsel shall within five days after this opinion
is handed down, send Appellant a copy of the opinion and judgment together with
notification of his right to file a pro
se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.





[6]The only standard
that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense the State is required
to prove beyond a reasonable doubt is the standard set forth in Jackson v.
Virginia, 443 U.S.
307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 
See Brooks
v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010).