NO. 07-03-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 14, 2005

_____

WILLIAM L. WARFEL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2002-479,457; HON. DRUE FARMER, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

In this appeal, appellant William L. Warfel challenges the sentence assessed after he entered an open plea of guilty to the charge of assaulting his wife Toni. His punishment was assessed by the trial court at 180 days confinement in the Lubbock County Jail and a fine of $500. In two points, appellant argues that in the punishment hearing, the trial court reversibly erred in admitting: 1) a 911 tape of a conversation with Toni Warfel which,

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005).

he contends, was neither admissible as a business record nor as a present sense impression, and 2) hearsay testimony of the alleged victim as an excited utterance when that testimony did not fall within an exception to the hearsay rule. Disagreeing that the trial court reversibly erred, we affirm the judgment of the trial court.

Background

The State's evidence showed that on April 12, 2002, Lubbock Police Officers Chris Daniel and Steve Farley responded to a domestic disturbance call in Lubbock. Officer Daniel testified that as the officers arrived at the scene, he saw appellant fleeing. Although he attempted to pursue appellant, he lost sight of him and sent out appellant's description over the police radio. Upon his return to the residence to which they had been directed, the officer found appellant's wife Toni. He averred that she appeared to be in a state of shock and was having a hard time remembering basic information. She told the officer that appellant had thrown her against a wall in the residence injuring her right hip and had struck her in the mouth with his fist. Daniel testified that he could see that Mrs. Warfel had a split upper lip and blood on her face and hands.

While Officer Daniel was at the residence, Officer Farley had been able to locate appellant and detain him. As he did so, appellant told him that he had been "fighting with the old lady." Farley then handcuffed appellant and returned with him to the residence. Farley also testified that he saw Mrs. Warfel "in the ambulance" and that she "was very emotional; crying, very upset." Over appellant's hearsay objection, Officer Farley testified that Mrs. Warfel told him that she had been struck by her husband because he thought she had been "cheating" on him.

In the portion of the sentencing hearing giving rise to appellant's first point, the State tendered a 911 tape referring to the incident in question here. In support of that tender, the State called Melissa Orosco, a dispatcher at the Lubbock Police Department. Orosco averred that the tape was prepared on a recording device that was capable of accurate recording and by a competent operator of the device. She also testified that the tape was an accurate copy of the conversation that took place, the recording had been kept in a secure place to which access was restricted, it had not been altered in any way, the original had been made at the time of the recorded conversation, and that it was made in the normal course of business for the Lubbock Police Department. On appellant's voir dire examination, he queried if the tape was made for the purpose of using it in a criminal proceeding. Upon receiving an affirmative answer, he objected to its receipt on the basis that if it had been made in preparation of litigation, it was not admissible as a business record. The admission of that tape gives rise to appellant's first point. The basis of appellant's second point is the admission of Officer Farley's testimony concerning his conversation with Mrs. Warfel.

Standard of Review

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)*; Green* v. *State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990). Moreover, a reviewing court should not reverse a trial judge's decision if that decision is within the realm of reasonable disagreement. *Green v. State,* 934 S.W.2d at 102; *see also Guzman v. State,* 955 S.W.2d 85, 89 (Tex.

3

Crim. App. 1997). It is also established if the trial judge's decision is correct under any theory of law applicable in the case, his decision will be sustained. *See State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

Appellant actually objected to the admission of the 911 tape on two grounds: 1) the tape was prepared for the purpose of litigation and was not therefore a business record, and 2) the proper predicate had not been made for it to be admissible under the present sense impression exception to the hearsay rule. Specifically, on appeal, he contends a predicate for that exception was not proper because there is no showing of how much time had elapsed between the assault and the telephone call to the 911 operator.

In order to preserve error for appellate review, a litigant must timely object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial judge aware of the complaint, unless the specific grounds are apparent from the context of the objection. Tex. R. App. P. 33.1(a)(1)(A). The objection will be sufficient to preserve error if the objection communicates to the trial judge what the objecting party wants, explains why the objecting party thinks himself or herself entitled to the relief, is clear enough for the judge to understand the objection, and is made at a time when the trial court is in a position to do something about it. *See Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

Discussion

With regard to appellant's argument that the 911 tape was made for the purpose of litigation and was not therefore admissible under the business record exception to the hearsay rule, under Texas Rule of Evidence 901, a 911 tape is admissible in evidence if

4

properly authenticated. *Montoya v. State*, 43 S.W.3d 568, 571 (Tex. App.–Waco 2001, no pet.). In *Montoya*, the court held that a 911 tape was properly authenticated and admissible when the custodian testified that the tape was made in the ordinary course of business and was made at or near the time of the event recorded. *Id.* at 570-71. In the instant case, as we have noted, Orosco testified that she was the custodian of the 911 tape, that it was from the Lubbock Police Department's system, that it was prepared on a recording device capable of accurate recording, that the recording was an accurate copy of the conversation that took place, that the recording equipment was kept in a secure environment, that it had not been altered, that it was made at the time of the original conversation, and that the recording was made in the normal course of business. Thus, the tape itself was properly authenticated and met the Rule 901 requirements for admissibility.

With regard to appellant's argument that the 911 tape was not admissible because it was kept or prepared for specific litigation, the authorities he cites to support that theory are distinguishable. For example, in the case of *United States v. Blackburn*, 992 F.2d 666, (7th Cir. 1993), the court did hold that the trial court there reversibly erred in admitting an FBI report. However, in doing so, the appellate court specifically noted that "the report in this case was not kept in the course of a regularly conducted business activity, but rather was specifically prepared at the behest of the FBI" for use in an ongoing criminal investigation. *Id.* at 670. Similarly, in *Crane v. State,* 786 S.W.2d 338, 353-54 (Tex. Crim. App. 1990)*,* the recordings of telephone conversations in question there were not admissible as business records because they were not made in the normal course of

5

business. In *United States v. Robinson*, 700 F.2d 205, 209-10 (5th Cir. 1983), the court held that notes made by one member of a Board of Supervisors, even if made by that member on a regular basis, were not admissible because they were not part of the declarant's official duties. In *Logan v. Grady,* 482 S.W.2d 313, 317 (Tex. Civ. App.–Fort Worth 1972, no writ), the court held that an accident report written by a motorist who allegedly witnessed the accident at issue was not admissible because the motorist in question was not an employee of the highway department who had a duty to report. Under Rule 901, a 911 tape is admissible if properly authenticated. *Montoya v. State*, 43 S.W.3d at 570-71. This tape was properly authenticated[2] and the trial court did not err in receiving it into evidence as a business record.

We have not overlooked appellant's additional challenge that the tape was tendered into evidence as proof of the matters stated therein and thus constituted classical hearsay. In response to the State's trial assertion that it was also admissible under the "present sense impression" exception to the hearsay rule, appellant's only objection was the general one that the "predicate for that hasn't been laid." It was not until this appeal that appellant argued the defect in the predicate was that there was no evidence of the amount of time that had expired between that event being described on the tape and its description on the 911 tape.[3] Appellant's general objection that a sufficient predicate had not been made to show a present sense impression without stating in what regard the predicate was

---

[2]We need not address whether a record made without knowledge that it *might* be used in litigation is inadmissible under the business records exception to the hearsay rule. Tex. R. App. P. 47.1.

[3]Texas Rule of Evidence 803(1) says that a present sense impression is a statement describing an event or condition made while the declarant was perceiving the event or condition or *immediately* thereafter.

deficient was not adequate to inform the trial court of the defect. Accordingly, any error that might have existed in that regard in admitting the tape was not preserved for our review. *Lankston v. State,* 827 S.W.2d at 909.

As we have noted, in his second issue, appellant contends the trial court erred in admitting Officer Farley's testimony about Mrs. Warfel's statements to him because those statements were not shown to be excited utterances.

To preserve error for appellate review, a party objecting to evidence must renew that objection each time the evidence is offered.[4] *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Any error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Valle v. State*, 109 S.W.3d at 509; *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).

Thus, even assuming *arguendo* that the trial court erred by admitting Officer Farley's testimony, any such error was cured when Officer Daniel and Mrs. Warfel presented the same evidence (that appellant struck Mrs. Warfel) without objection. Moreover, by his plea of guilty, appellant admitted the commission of the assault against his wife. Appellant's second issue is overruled.

In summary, all of appellant's issues are overruled and the judgment of the trial court is affirmed.

---

[4]There are two exceptions to that requirement but these exceptions are inapplicable to the present case. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).

John T. Boyd
Senior Justice

Do not publish.