Montoya v. State 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-473-CR

        2-04-474-CR

VINCENT MONTOYA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Vincent Montoya appeals the trial court’s denials of his requests for DNA testing.  A jury convicted 
Appellant on March 25, 1999 of aggravated kidnapping with a deadly weapon and aggravated sexual assault.  After Appellant pleaded true to enhancement notices, the jury sentenced him to life in prison and a $10,000 fine for each offense.  These convictions were affirmed on appeal.  
See Montoya v. State
, 43 S.W.3d 568, 574 (Tex. App.—Waco 2001, no pet.).  

Appellant then filed motions requesting post-conviction DNA testing in each case on July 15, 2004.  The trial court denied Appellant’s motions, concluding that identity was and is not an issue in the cases and that Appellant failed to show that he would not have been convicted if exculpatory results had been obtained through DNA testing.
(footnote: 2)  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 64.03(a)(1)(B), (a)(2)(A) (Vernon Supp. 2004-05).  Appellant challenges these findings in his sole point on appeal.

First, Appellant argues that the identity of the assailants was a central issue in the kidnapping and sexual assault cases.  Citing 
Moore v. State
, 700 S.W.2d 193, 199 (Tex. Crim. App. 1985), 
cert. denied
, 474 U.S. 1113 (1986),  Appellant claims that his pleas of not guilty alone made identity an issue in the cases.  While 
Moore
 does state that 
“any time that the accused enters a plea of not guilty he makes [the identity of the accused] a contested issue,”
 this statement appears in a discussion of the admissibility of extraneous offenses at trial, not in an analysis of the standard for post-trial DNA testing.  
See id.
  Furthermore, in cases involving post-trial DNA testing, a plea of not guilty does not automatically place identity at issue.  
See, e.g.
, 
Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (holding that identity was not at issue when appellant confessed to the charged offense but did not also plead guilty).

Appellant also contends that identity was at issue because Appellant denied involvement in the assault, because a paucity of physical evidence other than the DNA evidence connected him to the crime, and because the victim’s friend, who witnessed the kidnapping and assault of the victim, testified that the assailants were a Caucasian male and an Hispanic male, but the defendants tried for the assault were both Hispanics.  However, the following findings of fact reveal that Appellant was found at the location of the sexual assault soon after it occurred:

3. Shortly after the assault, Victim told officers that she left [Appellant], naked and asleep, in bed in the back bedroom that had blankets for a door.

4. Shortly after the assault, officers found [Appellant], naked and asleep, in bed in a back bedroom that had blankets for a door.

Furthermore, the record shows that both the victim and her friend identified Appellant in a line-up the day after the kidnapping and assault occurred. Appellant argues that these eyewitness identifications are unreliable, particularly because the victim first identified Appellant during a “show-up” as officers led him out of the house from which the victim had recently escaped.

However, Appellant’s argument disregards the substantial amount of evidence corroborating the eyewitness identifications of him as the perpetrator, including the facts as found by the trial court that Appellant was discovered at the location of the assault exactly how the victim claimed she had left him; that Appellant’s cousin admitted that he and Appellant kidnapped the victim; that the statement by Appellant’s co-defendant cousin was consistent with the witnesses’ accounts of the crime; and that the DNA testing that was performed showed that the probability that the blood on the victim’s shirt belonged to someone other than Appellant was one in three million Caucasians, one in 100 million African Americans, one in three million southeastern Hispanics, and one in 1.8 million southwestern Hispanics.

Therefore, applying the proper standard of review to the trial court’s decision on Appellant’s request for DNA testing,
(footnote: 3) we conclude that Appellant failed to show that identity was an issue in this case.  
See
 
Garrett v. State
, No. 2-03-356-CR, 2004 WL 1944556, at *1 (Tex. App.—Fort Worth Aug. 31, 2004, no pet.) (mem. op.) 
(not designated for publication) (holding that, despite appellant’s contention that there was conflicting testimony at trial regarding the assailant’s description, identity was not an issue when appellant was found hiding above the location of the sexual assault right after it occurred); 
Massey v. State
, No. 2-02-039-CR, 2003 WL 21197305, at *2 (Tex. App.—Fort Worth May 22, 2003, no pet.) (mem. op.) 
(not designated for publication) (holding that identity was not an issue when the victim identified the appellant in a lineup and prior DNA testing showed that appellant was a probable match to the DNA of the assailant).  We overrule Appellant’s sole point and affirm the trial court’s denial of his motion for DNA testing.
(footnote: 4)

PER CURIAM 

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 7, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The State urges us to affirm the trial court’s denial of Appellant’s motion on the basis that Appellant did not prove that the DNA evidence could be tested with “newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.”  
Tex. Code Crim. Proc. Ann.
 art. 64.01(b)(2) (Vernon Supp. 2004-05).  We decline to do so because Appellant asserted in his motions that “a new, 
more accurate 
DNA test has been introduced” since the time of his trial and cited authorities in support. 

3:
See Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

4:
Having concluded that Appellant failed to show 
that identity was an issue in this case
, we do not reach his argument that 
there was a reasonable probability that he would not have been convicted if exculpatory results had been available.  
See
 
Tex. R. App. P.
 47.1.