COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-473-CR
2-04-474-CR
 
  
VINCENT 
MONTOYA                                                             APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Vincent Montoya appeals the trial court’s denials of his requests for DNA 
testing.  A jury convicted Appellant on March 25, 1999 of aggravated 
kidnapping with a deadly weapon and aggravated sexual assault.  After 
Appellant pleaded true to enhancement notices, the jury sentenced him to life in 
prison and a $10,000 fine for each offense.  These convictions were 
affirmed on appeal.  See Montoya v. State, 43 S.W.3d 568, 574 (Tex. 
App.—Waco 2001, no pet.).
        Appellant 
then filed motions requesting post-conviction DNA testing in each case on July 
15, 2004.  The trial court denied Appellant’s motions, concluding that 
identity was and is not an issue in the cases and that Appellant failed to show 
that he would not have been convicted if exculpatory results had been obtained 
through DNA testing.[2]  See Tex. Code Crim. Proc. Ann. arts. 
64.03(a)(1)(B), (a)(2)(A) (Vernon Supp. 2004-05).  Appellant challenges 
these findings in his sole point on appeal.
        First, 
Appellant argues that the identity of the assailants was a central issue in the 
kidnapping and sexual assault cases.  Citing Moore v. State, 700 
S.W.2d 193, 199 (Tex. Crim. App. 1985), cert. denied, 474 U.S. 1113 
(1986), Appellant claims that his pleas of not guilty alone made identity an 
issue in the cases.  While Moore does state that “any time that 
the accused enters a plea of not guilty he makes [the identity of the accused] a 
contested issue,” this statement appears in a discussion of the admissibility 
of extraneous offenses at trial, not in an analysis of the standard for 
post-trial DNA testing.  See id.  Furthermore, in cases 
involving post-trial DNA testing, a plea of not guilty does not automatically 
place identity at issue.  See, e.g., Bell v. State, 90 S.W.3d 
301, 308 (Tex. Crim. App. 2002) (holding that identity was not at issue when 
appellant confessed to the charged offense but did not also plead guilty).
        Appellant 
also contends that identity was at issue because Appellant denied involvement in 
the assault, because a paucity of physical evidence other than the DNA evidence 
connected him to the crime, and because the victim’s friend, who witnessed the 
kidnapping and assault of the victim, testified that the assailants were a 
Caucasian male and an Hispanic male, but the defendants tried for the assault 
were both Hispanics.  However, the following findings of fact reveal that 
Appellant was found at the location of the sexual assault soon after it 
occurred:
   
3. Shortly after the assault, Victim told officers that she left [Appellant], 
naked and asleep, in bed in the back bedroom that had blankets for a door.
  
4. 
Shortly after the assault, officers found [Appellant], naked and asleep, in bed 
in a back bedroom that had blankets for a door.
 
Furthermore, 
the record shows that both the victim and her friend identified Appellant in a 
line-up the day after the kidnapping and assault occurred.  Appellant 
argues that these eyewitness identifications are unreliable, particularly 
because the victim first identified Appellant during a “show-up” as officers 
led him out of the house from which the victim had recently escaped.
        However, 
Appellant’s argument disregards the substantial amount of evidence 
corroborating the eyewitness identifications of him as the perpetrator, 
including the facts as found by the trial court that Appellant was discovered at 
the location of the assault exactly how the victim claimed she had left him; 
that Appellant’s cousin admitted that he and Appellant kidnapped the victim; 
that the statement by Appellant’s co-defendant cousin was consistent with the 
witnesses’ accounts of the crime; and that the DNA testing that was performed 
showed that the probability that the blood on the victim’s shirt belonged to 
someone other than Appellant was one in three million Caucasians, one in 100 
million African Americans, one in three million southeastern Hispanics, and one 
in 1.8 million southwestern Hispanics.
        Therefore, 
applying the proper standard of review to the trial court’s decision on 
Appellant’s request for DNA testing,[3] we conclude 
that Appellant failed to show that identity was an issue in this case.  See 
Garrett v. State, No. 2-03-356-CR, 2004 WL 1944556, at *1 (Tex. 
App.—Fort Worth Aug. 31, 2004, no pet.) (mem. op.) (not designated for 
publication) (holding that, despite appellant’s contention that there was 
conflicting testimony at trial regarding the assailant’s description, identity 
was not an issue when appellant was found hiding above the location of the 
sexual assault right after it occurred); Massey v. State, No. 
2-02-039-CR, 2003 WL 21197305, at *2 (Tex. App.—Fort Worth May 22, 2003, no 
pet.) (mem. op.) (not designated for publication) (holding that identity was not 
an issue when the victim identified the appellant in a lineup and prior DNA 
testing showed that appellant was a probable match to the DNA of the 
assailant).  We overrule Appellant’s sole point and affirm the trial 
court’s denial of his motion for DNA testing.[4]
  
  
                                                                  PER 
CURIAM
 
 
PANEL 
F:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The State urges us to affirm the trial court’s denial of Appellant’s motion 
on the basis that Appellant did not prove that the DNA evidence could be tested 
with “newer testing techniques that provide a reasonable likelihood of results 
that are more accurate and probative than the results of the previous 
test.”  Tex. Code Crim. Proc. Ann. 
art. 64.01(b)(2) (Vernon Supp. 2004-05).  We decline to do so because 
Appellant asserted in his motions that “a new, more accurate DNA test 
has been introduced” since the time of his trial and cited authorities in 
support.
3.  
See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).
4.  
Having concluded that Appellant failed to show that identity was an issue in 
this case, we do not reach his argument that there was a reasonable probability 
that he would not have been convicted if exculpatory results had been 
available.  See Tex. R. App. 
P. 47.1.