NO. 07-09-00267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 11, 2011

DONALD WAYNE MASON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,197-A; HONORABLE RICHARD DAMBOLD, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

The motion for rehearing of appellant Donald Wayne Mason is denied. We withdraw our opinion and judgment of April 14, 2011, and substitute the following.

A jury convicted appellant of driving while intoxicated,[1] enhanced by two prior convictions for driving while intoxicated. The trial court sentenced appellant to twenty-

---

[1] Tex. Penal Code Ann. § 49.04(a) (West 2003).

five years in prison.[2]  On appeal, appellant argues he was denied equal protection of law and due process and due course of law by the trial court's order denying his *ex parte* pretrial motion for appointment of an expert.  Appellant further contends without appointment of an expert he was constructively denied effective assistance of counsel.  Finding no error by the trial court, we will affirm.

Background

A witness testified he saw a van driven by appellant hit a stop sign and run over a mailbox.  Because of a flat tire, the van was unable to leave the scene.  The witness observed appellant and his passenger outside the vehicle.  In his opinion, they could hardly stand.  He immediately telephoned 911 because he "knew they were intoxicated."  Meanwhile, a pedestrian approached the van and changed the flat tire for cash.  Appellant and his passenger then drove the van from the scene.

When police arrived the witness gave officers the license plate number of the van as well as a description of the vehicle and appellant.  Shortly thereafter an officer saw a van fitting the description.  Before the officer reached the vehicle it parked on the street.  The officer approached the driver's side and told appellant to step out of the vehicle.  The officer noted a "strong odor" of an alcoholic beverage coming from appellant and the interior of the vehicle.  The officer described appellant's speech as "very slurred,

---

[2] The offense was enhanced to a third degree felony by Penal Code § 49.09(b)(2) and the range of punishment increased to a term of 25 to 99 years in prison by Penal Code § 12.42(d). Tex. Penal Code Ann. §§ 49.09(b)(2) & 12.42(d) (West Supp. 2010).

hard to understand." The passenger, according to the officer, also smelled of alcohol and presented slurred speech.

Inside the van, police found nine one-quart beer bottles. Three bottles were empty, one was three-fourths empty, one was three-fourths full, and four were full. Appellant told the officer he had consumed two and one-half to three quarts of beer. He did not specify a time interval for his consumption. The officer opined at trial that appellant and his passenger were intoxicated.

While appellant was detained, a second officer arrived at the location. He testified appellant presented a "strong odor of alcoholic beverage," appeared to lack balance, and swayed. In that officer's opinion, appellant was intoxicated.

A third officer arrived at the scene. He testified appellant's breath smelled of alcohol and he had difficulty standing. The officer could not recall the intensity of the odor of alcohol. He administered a horizontal gaze nystagmus test (HGN) and observed all six clues of intoxication. At trial, he expressed the opinion that appellant was intoxicated.

Appellant was arrested and taken to the county jail. There he voluntarily submitted to a breath test which indicated an alcohol concentration of 0.097 and 0.095. Because appellant was involved in an accident police took him to a local hospital for examination. While at the hospital, some five hours after his initial detention, appellant voluntarily provided a blood sample. The result indicated a blood-alcohol concentration of 0.04.

In addition to the testimony of the witness and police officers, the jury saw video recordings of appellant at the time of arrest and later the same day at the county jail. Appellant's younger brother testified for appellant. He was age fifty-two and appellant age sixty-eight. Appellant was involved in an accident before the witness's birth which left appellant with a speech impairment. According to his brother, appellant's speech is slurred and sometimes hard to understand. He added appellant has equilibrium problems and twice fractured a bone in his ankle due to his gait. On cross-examination, he denied appellant drinks on a regular basis.

Consistent with the indictment, the jury charge authorized a finding that appellant was intoxicated under the per se definition of intoxication--that his alcohol concentration was 0.08 or more--or under the impairment theory--that he did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.[3] The jury found appellant guilty and the trial court sentenced him to confinement in prison for twenty-five years.

Analysis

Through three issues, appellant argues the trial court's denial of his request for an expert denied him equal protection of law, due process of law and due course of law, and effective assistance of counsel. We turn first to appellant's constitutional claims.

We review the trial court's failure to appoint an expert witness for an abuse of discretion. *See Deason v. State,* 84 S.W.3d 793, 796 (Tex.App.--Houston [1st Dist.] 2002, pet. refused) (citing *Griffith v. State,* 983 S.W.2d 282, 287 (Tex.Crim.App. 1998)).

---

[3] *See* Tex. Penal Code Ann. § 49.01(2) (West 2003).

Constitutional entitlement to a court-appointed expert required appellant to make a sufficient preliminary showing before the trial court that the subject of the expert's testimony would likely be a significant factor at trial. *Ake v. Oklahoma,* 470 U.S. 68, 74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985); *see Rey v. State,* 897 S.W.2d 333, 338 (Tex.Crim.App. 1995) (while *Ake* concerned appointment of a psychiatrist, field of expertise is not decisive; rather, question is importance of scientific issue in case and degree of assistance defense expert could provide). The threshold showing under *Ake* requires more "than undeveloped assertions that the requested assistance would be beneficial." *Williams v. State,* 958 S.W.2d 186, 192 (Tex.Crim.App. 1997) (citing *Caldwell v. Mississippi,* 472 U.S. 320, 323-24 n.1, 86 L.Ed.2d 231, 105 S.Ct. 2633 (1985)). Mere conclusions of defense counsel will not suffice. *Norton v. State,* 930 S.W.2d 101, 111 (Tex.App.--Amarillo 1996, pet. refused). Rather, the defendant must demonstrate a reasonable probability an expert will provide assistance and denial of expert assistance will cause a fundamentally unfair trial. *Id.* at 106-07; *Davis v. State,* 905 S.W.2d 655, 659 (Tex.App.--Texarkana 1995, pet. refused) (citing *Moore v. Kemp,* 809 F.2d 702, 712 (11th Cir. 1987)). This requires proof by the defendant of his defensive theory supported with factual allegations or evidence of how the requested expert testimony will support the theory. *See Rey,* 897 S.W.2d at 341 (discussing cases where a sufficient preliminary showing under *Ake* was not made). "There is no error in refusing to appoint an expert witness to assist an indigent defendant in rebutting a type of expert opinion that the State's witness did not present." *Jackson v. State,* 992 S.W.2d 469, 474 n.5 (Tex.Crim.App. 1999) (citing *Griffith v. State,* 983 S.W.2d 282

5

(Tex.Crim.App. 1998)).  The reasonableness of the trial court's decision is determined as of the time it was made.  *Rey,* 897 S.W.2d at 342 n.9.

Over one year before trial, appellant filed an *ex parte* motion requesting appointment of Gary H. Wimbish, Ph.D., as an expert.  Appellant identified Dr. Wimbish as a forensic toxicologist.  According to the motion, appellant's blood-alcohol level was an issue in the case and neither he nor his counsel was "knowledgeable in the aforesaid sciences to determine and assess the significance of the facts surrounding these potential issues."  The intended function of Dr. Wimbish was to "administer the necessary tests which will provide us with information as to proper extrapolation of blood/alcohol levels of defendant.  Should the testing so indicate, the Defense would then require expert testimony of [Dr. Wimbish] at the trial."  In the prayer, appellant requested expert assistance for the investigation, evaluation, preparation and presentation of his case.  The motion was not supported by affidavits or other evidence and we have no record of a hearing.  The trial court denied the motion.

Nothing further concerning the motion appears of record until the day trial began. During the hearing of pretrial motions appellant's counsel notified the court that appellant wished to re-urge the motion for appointment of an expert.  The court verbally denied the request.  Appellant then asked for additional time to hire an expert at his own expense.  The court ruled appellant could not have a continuance but was free to hire an expert.  The State indicated it had no objection to appellant's use of an expert. Appellant did not offer the testimony of an expert at trial.

6

Fairly read, appellant's motion sought expert assistance on a narrow ground, testing to provide information for proper extrapolation of appellant's blood-alcohol concentration and possible trial testimony conditioned on the testing results. There is no record indication the State intended to offer retrograde extrapolation opinion testimony requiring expert rebuttal by appellant.[4] In other words, there was no proof before the trial court at the time it considered appellant's motion that the State intended to present extrapolation opinion evidence of appellant's blood-alcohol concentration. At trial, the State offered witnesses supporting both the per se and impairment theories of intoxication. But the State offered no expert opinion of appellant's blood-alcohol level at the time of driving based on the process of retrograde extrapolation.

Nor did appellant give the trial court any basis for a conclusion that extrapolation opinion evidence would be a significant factor in his case at trial. The motion itself contained no facts supporting such a conclusion and, as noted, no affidavit or other evidence appears in the record before us. The court cannot be said to have erred by failing to appoint appellant an expert on extrapolation.

If his request for an expert is read more broadly, appellant offered the trial court no explanation of the claim that an expert was needed for "a determination of whether

---

[4] "Retrograde extrapolation is the computation back in time of blood-alcohol level-that is, the estimation of the level at the time of driving based on a test result from some later time." *Mata v. State,* 46 S.W.3d 902, 908-09 (Tex.Crim.App. 2001). Following this procedure, an expert possessing sufficient information concerning such variables as an individual's weight, age, mental state, drinking pattern, type and amount of alcohol consumed, amount of food in the stomach, and the time period of alcohol consumption, can reliably estimate a person's blood-alcohol concentration at the time of driving. *See Kirsch v. State,* 306 S.W.3d 738, 745 n.19 (Tex.Crim.App. 2010) (explaining *Mata*). But the process also presents limitations and pitfalls which laymen and courts often fail to appreciate. *Id.*

the Defendant may raise and prevail on certain defensive issues." Appellant presented no explanation of his defensive theory, how an expert would be useful in establishing the theory, or a reason to question a State's expert and proof. *See Rey,* 897 S.W.2d at 341 (citing *State v. Edwards,* 868 S.W.2d 682, 697-98 (Tenn.Crim.App. 1993) (while identity was "obvious issue" defendant did not make sufficient preliminary showing for a DNA expert as he did not disclose defense proof and gave no indication of potential misidentification as to specific charges)). We conclude appellant did not meet the threshold requirement for appointment of the requested expert.

On this record, we perceive no abuse of discretion in the trial court's denial of the requested assistance of a court-appointed expert, and thus conclude appellant did not suffer the complained-of constitutional harm. *See Rey* 897 S.W.2d at 341; *Wiley v. State,* 74 S.W.3d 399, 408 (Tex.Crim.App. 2002) (concluding appellant was not deprived constitutional right to present defense because trial court did not abuse its discretion in excluding evidence under Texas Rule of Evidence 403).

We overrule appellant's first and second issues.

By his third issue, appellant asserts he was constructively denied effective assistance of counsel by the trial court's failure to appoint an expert. Because we have found appellant was not entitled to appointment of an expert, an analysis of this issue is unnecessary to the final disposition of this appeal. Tex. R. App. P. 47.1.

Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


James T. Campbell
Justice


Publish.