**Opinion filed September 30, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00248-CR

_____

## ROBERT BRADLEY EHRKE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 104th District Court

Taylor County, Texas

Trial Court Cause No. 18109B

## M E M O R A N D U M   O P I N I O N

The jury found Robert Bradley Ehrke guilty of possession of a controlled substance, methamphetamine weighing one gram or more but less than four grams, in a drug-free zone. Upon finding both enhancement allegations to be true, the jury assessed punishment at confinement for seventy-five years. The trial court sentenced him accordingly. We affirm.

## I. *The Charged Offenses*

The grand jury returned a two-count indictment against Appellant. Appellant was convicted on the second count only. Count Two was for the offense of possession of a controlled substance in Penalty Group 1, methamphetamine, in a drug-free zone, Stevenson Park. The indictment also included two enhancement paragraphs: one for a third-degree felony conviction for possession of morphine and the second for a third-degree felony conviction for burglary of a motor vehicle.

A person commits the third-degree felony offense of possession of a controlled substance of more than one gram but less than four grams if he knowingly or intentionally possesses a controlled substance listed in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2010). A person commits an offense of possession of a controlled substance within a drug-free zone if the person possesses the controlled substance within 1,000 feet of a playground. *Id.* § 481.134(a)(3), (b), (c) (West Supp. 2012). The drug-free zone allegation and two enhancement paragraphs, if found true, increase the punishment range to life in prison or confinement for not more than ninety-nine years or less than thirty years. *Id.* § 481.134(c); TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012).

## II. *The Evidence at Trial*

Appellant does not challenge the sufficiency of the evidence, but we provide some background facts for context. At approximately 8:30 p.m. on January 1, 2010, Officer Chris Collins, a patrol officer with the Abilene Police Department, was on patrol in the vicinity of Stevenson Park, a high crime area in Abilene, when he noticed an individual alone in the park. There were no vehicles in the park, and the individual was rummaging through a trash can.

Officer Collins said the individual had made a "drinking motion" and appeared to be drinking out of something he had retrieved out of the trash can.

2

Officer Collins drove into the park, stopped, activated his "in dash" camera recording system, and approached Appellant, who stood near the restrooms in the park. Officer Collins noted the "freezing" temperature outside, 37 degrees Fahrenheit, and noted that the individual was wet, restless and talkative; had trouble standing; smelled of alcohol; and appeared to be intoxicated or under the influence of methamphetamine. Officer Collins asked Appellant where he was going, and Appellant indicated that he was going home. Appellant's home was quite some distance from the park.

Officer Collins determined that Appellant was intoxicated in a public place; that he was a danger to himself and others because the distance he had to travel on foot to get home crossed major streets—Highway 80, Treadaway, and South First; and that Appellant's intended route of travel was too dangerous for anyone in Appellant's condition. Officer Collins determined that he had probable cause to arrest Appellant for public intoxication. He patted Appellant down for weapons for the officer's own safety, radioed for backup, and delayed taking Appellant into custody until his backup arrived.

Officer Poynor arrived as backup. Both Officers attempted to restrain Appellant, but he resisted and knocked Officer Poynor down. The officers struggled to subdue him. Appellant struck Officer Poynor in the head, and a short time later, the officer lost consciousness. As Officer Collins struggled with Appellant, Appellant threw away a crumpled cigarette pack that he had held clenched in his hand. After Officer Collins and Officer Poynor subdued Appellant, Officer Collins retrieved the cigarette pack, and inside it, he found what appeared to be methamphetamine.

Raymond Arthur Waller Jr., the Regional Laboratory Manager of Texas Department of Public Safety Crime Laboratory in Abilene and a fifteen-year employee with the lab, tested the contents of the cigarette pack and determined that

it contained 1.60 grams of methamphetamine. During the punishment phase, Stephanie Collins, a forensic specialist with the Abilene Police Department identified Appellant through his fingerprint card and the pen packs introduced by the State.

### III. *Issues Presented*

Appellant has asserted four issues. First, Appellant claims that the trial court erred when it denied his request for independent testing of the suspected methamphetamine. Second, Appellant alleges that the prosecuting attorney engaged in improper jury argument during the punishment phase. Third, Appellant asserts that the trial court erred when it denied his request for an Article 38.23[1] jury charge instruction on the exclusionary rule. Fourth, in a related argument, Appellant asserts that the trial court improperly denied his motion to suppress evidence.

The court will address the issues framed as follows:

1. Did the trial court abuse its discretion when it denied Appellant's motion to suppress the drug evidence?

2. Did the trial court abuse its discretion when it denied Appellant's request for Article 38.23 charge instruction?

3. Did the trial court abuse its discretion when it denied Appellant's request for a court-appointed chemist to serve as a defense expert?

4. Did the trial court abuse its discretion when it denied Appellant's request for a mistrial after the prosecuting attorney allegedly engaged in improper jury arguments during the punishment phase?

---

[1] TEX. CODE CRIM PROC. ANN. art 38.23 (West 2005).

4

IV. *Discussion and Analysis*

A. *Denial of Motion to Suppress*

A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We use a bifurcated standard of review in analyzing the trial court's ruling. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). When a trial court's fact findings are based on evaluating witness credibility or demeanor, almost total deference is given to its factual determinations supported by the record. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). However, on mixed questions of law and fact that do not turn on the trial court's evaluation of witness credibility and demeanor, we conduct a de novo review. *Amador*, 221 S.W.3d at 673.

Appellant moved to suppress the seizure of the drugs because, he alleges, the arrest was unlawful. He claims that the arrest was unlawful because Officer Collins said, while he tried to subdue Appellant, that he was arresting Appellant for refusing a search, instead of for public intoxication. Appellant argues, therefore, that there was no probable cause for the arrest.

The trial court held a pretrial suppression hearing and denied Appellant's motion to suppress the evidence of the drugs found in the cigarette pack. The trial court did not make specific findings of fact or conclusions of law. The trial court also heard the same argument advanced by Appellant's counsel during trial and again denied the request to suppress the drug evidence or to declare a mistrial.

When no findings of fact are requested or filed, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *See State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). Although we give almost total deference to the trial court's determination of historical facts, we conduct a de

5

novo review of the trial court's application of the law to those facts. *Id.* As the sole trier of fact during a suppression hearing, the trial court may believe or disbelieve all or any part of a witness's testimony. *Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010) (citing *Ross*, 32 S.W.3d at 855).

During the hearing on the motion to suppress, and at trial, the trial court heard Officer Collins's testimony about Appellant's physical appearance and condition and his responses to Officer Collins's questions. Appellant wore wet clothes during a cold January evening, was restless and talkative, smelled of alcohol, had rummaged through trash cans and drank out of something he had found in the trash can, and appeared to Officer Collins to be intoxicated on alcohol or methamphetamine or both.

Officer Collins also determined that Appellant's intended route of travel was too dangerous for him to make in his state of intoxication and that he was a danger to himself and others. Officer Collins concluded that he had probable cause to arrest Appellant for public intoxication. *See* TEX. PENAL CODE ANN. § 49.02(a) (West 2011); *Simpson v. State*, 886 S.W.2d 449, 455 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (officer had probable cause to arrest for public intoxication when defendant had slurred speech, had bloodshot eyes, smelled strongly of alcohol, and resisted arrest).

Officer Collins patted Appellant down for weapons, and when Officer Poynor arrived to assist Officer Collins, Appellant resisted, knocked Officer Poynor down, and was eventually subdued by them. On a nearby sidewalk, Officer Collins found the cigarette pack that Appellant had thrown away. In addition to hearing the testimony, the trial court reviewed the arrest videos. Because we defer to the trial court's decisions on witness demeanor and credibility, we cannot say that the trial court abused its discretion when it denied Appellant's motion to suppress both pretrial and at trial. We overrule Appellant's first issue.

6

*B. Denial of Request for Article 38.23 Jury Charge Instruction*

A trial court abuses its discretion if it refuses to suppress evidence obtained in violation of the law and, therefore, inadmissible under Article 38.23. *Wilson*, 311 S.W.3d at 457–58 (citing *Erdman v. State*, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993)); *see* CRIM. PROC. art. 38.23. When there is a disputed fact issue that is material to the defendant's claim of a constitutional or statutory violation that would render evidence inadmissible, an exclusionary-rule instruction is required by Article 38.23. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007).

Appellant asserts that he was entitled to such an instruction because there was a disputed fact issue as to whether Officer Collins had probable cause to arrest Appellant. We disagree. The undisputed evidence at trial demonstrated that the officer had probable cause to arrest Appellant for public intoxication. Any statement or misstatement that he was arresting Appellant for refusing a search was not material to the lawfulness of the arrest because the evidence that Appellant was intoxicated in public and presented a danger to himself or others was not in dispute. To be entitled to an Article 38.23 instruction, the disputed fact must be essential in deciding the lawfulness of the challenged conduct. *Id.* at 511. Because the disputed fact issue was not material to the legality of Appellant's arrest, the trial court did not err in failing to give an Article 38.23 instruction. *See id.* at 510 ("[I]f other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence."). We overrule Appellant's second issue.

*C. Denial of Court-Appointed Chemist*

Appellant contends in his third issue that the trial court committed reversible error when it denied his request to appoint an expert to make an independent examination of the substance discovered in the cigarette pack. We review the

denial of a request to appoint a court-appointed chemist for an abuse of discretion. *Ake v. Oklahoma*, 470 U.S. 68, 81–83, 86 (1985); *Griffith v. State*, 983 S.W.2d 282, 287 (Tex. Crim. App. 1998).

An indigent defendant has a right to have an expert witness provided by the State if the defendant has made a preliminary threshold showing with facts or evidence that the expert's testimony will likely be a significant factor in his defense or the State's prosecution. *Ake*, 470 U.S. at 86; *Griffith*, 983 S.W.2d at 286–87. Satisfying the preliminary condition requires more "than undeveloped assertions that the requested assistance would be beneficial." *Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997). The reasonableness of the trial court's decision is determined as of the time that it was made. *Mason v. State*, 341 S.W.3d 566, 568 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Rey v. State*, 897 S.W.2d 333, 342 n.9 (Tex. Crim. App. 1995)).

The defendant has not met his burden of a preliminary threshold showing if his motion does not contain affidavits or other evidence that would support the need for an expert witness for his defensive theory or show how the expert's testimony would help in questioning the State's expert witness and testing the proof. *Rey*, 897 S.W.2d at 341. Where the defendant has made his defensive theory clear and has outlined—with factual allegations supported by affidavits or other evidence—the need for an expert witness, the court should appoint the expert witness. *Id.*

Here, Appellant provided no information that showed a particularized need for the appointment of an independent chemist or how that chemist would have arrived at a materially different result than the State's chemist. Without this evidence, we cannot say that the trial court acted outside the zone of reasonable disagreement and thereby abused its discretion when it refused to appoint an expert chemist. We overrule Appellant's third issue.

## D. Denial of Mistrial after Allegedly Improper Jury Argument

The law provides for, and presumes, a fair trial free from improper argument by the prosecuting attorney. *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). "To preserve a complaint for appellate review, the party must timely object and specify the grounds that support the objection." *Edmondson v. State*, 399 S.W.3d 607, 610 (Tex. App.—Eastland 2013, no pet.) (citing TEX. R. APP. P. 33.1); *see also Guzmon v. State*, 697 S.W.2d 404, 413 (Tex. Crim. App. 1985); *Hawkins v. State*, 660 S.W.2d 65, 81 (Tex. Crim. App. 1983). To preserve error in cases of prosecutorial misconduct, the defendant must (1) make a timely and specific objection; (2) request an instruction that the jury disregard the matter improperly placed before the jury; and (3) move for a mistrial. *Montoya v. State*, 43 S.W.3d 568, 572 (Tex. App.—Waco 2001, no pet.) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)).

In this case, the prosecutor stated the following during closing argument in the punishment phase:

> And I don't care what some people say about how this isn't -- he's not a danger to society. It is dangerous. Everything about it's dangerous. Methamphetamine is dangerous. Morphine is dangerous. Breaking into cars is dangerous. Stealing people's stuff is dangerous, and it's harmful. If it wasn't for people using meth, we wouldn't have the drug dealers, we wouldn't have the gang wars, we wouldn't have the cartels, we wouldn't have the human trafficking, we wouldn't have all the problems that we have.

Appellant's counsel objected to the comments of the prosecutor because it referenced facts not in the record. The State responded that Appellant's witnesses had talked about the effects of drug use and crime. The court overruled the objection; Appellant's counsel requested a mistrial and the trial court denied it. Appellant has preserved this issue for appeal. *Montoya*, 43 S.W.3d at 572; *see*

TEX. R. APP. P. 33.1. Our attention now turns to whether the prosecutor's comments fell outside the permissible areas of jury argument.

"We review alleged improper jury arguments, and the court's ruling, 'in light of the arguments, information, and evidence that was available to the trial court at the time it ruled.'" *Edmondson*, 399 S.W.3d at 610 (quoting *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003)). There are four permissible or approved general areas of jury argument: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to the argument of opposing counsel, and (4) pleas for law enforcement. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex. Crim. App. 1980); *Ponce v. State*, 299 S.W.3d 167, 174–75 (Tex. App.—Eastland 2009, no pet.). We find that the comments are not improper because they were reasonable deductions from the evidence and pleas for law enforcement. Appellant had been convicted of two prior offenses: one for possession of morphine and a second for burglary of a vehicle. The jury also heard that appellant struggled with drug addiction, was on probation, and had been incarcerated several times and that property crimes often finance drug purchases.

The prosecutor brought out on cross-examination that drug dealers exist because there is a market for drug sales by drug users, and the prosecuting attorney highlighted that such activity is a significant risk to society. The State permissibly inferred and deduced that Appellant's possession was part of the larger, overall scheme of drug trafficking and permissibly "connected the dots" between drug use and crime. The reference to human trafficking also was a reasonable inference that drug crimes can lead to additional criminal activity that could involve human trafficking. The danger to society referenced in the prosecuting attorney's closing argument was a permissible plea for law enforcement. Having reviewed the entire record, we overrule Appellant's final issue.

## V. *Conclusion*

We have reviewed the record and hold that the trial court did not abuse its discretion when it denied Appellant's motion to suppress the drug evidence, denied his request for an Article 38.23 jury charge instruction, and denied his motion for a court-appointed chemist. We also hold that the trial court did not abuse its discretion when it denied Appellant's request for a mistrial following the prosecuting attorney's closing arguments in the punishment phase.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


September 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

11