

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00388-CR

---

PEDRO GARCIA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-408,822, Honorable William R. Eichman II, Presiding

---

December 17, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pedro Garcia Jr. appeals his conviction for murder and contends, through two issues, that the trial court erred in denying him funds to undergo brain scans and brain imaging and a jury instruction placing the burden on the State to disprove sudden passion during guilt/innocence phase of the trial. We affirm.

*Issue One – Failing to Provide Funds for Additional Testing*

We initially address the contention that the trial court denied him a fair trial by refusing to pay for his undergoing brain scans or imaging. The issue is overruled.

Whether an expert should be appointed to assist an indigent defendant lies within the sound discretion of the trial court. *Mason v. State*, 341 S.W.3d 566, 568 (Tex. App.—Amarillo 2011, pet. ref'd). Thus, its decision will not be disturbed unless it falls outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Next, a trial court need not appoint an expert unless the defendant has crossed the requisite threshold. That is, he or she must preliminarily show that the expert's assistance would likely be a significant factor at trial. *Mason,* 341 S.W.3d at 568; *See Ehrke*, 459 S.W.3d 606, 615 (Tex. Crim. App. 2015) (stating that the "burden is on the defendant to provide concrete reasons for why the expert should be appointed"). Satisfying this burden requires more than undeveloped assertions that the requested help would be beneficial. *Mason*, 341 S.W.3d at 568. Rather the movant must demonstrate a reasonable probability that an expert will provide assistance and denial of that assistance will cause a fundamentally unfair trial. *Id.* This, at the very least, obligates the defendant to disclose the defensive theory being pursued and offer factual allegations or evidence illustrating how the expert testimony would support the theory. *Id.*

Here, appellant wanted an expert neuropsychologist to perform brain or "PET" scans on him. The request was made twice. The first occurred in June of 2017, about six months prior to trial. It was made via a sealed motion which was not included within the appellate record and which resulted in an "ex parte" in camera hearing. At that hearing, the appellant explained (through legal counsel) what he wanted, the probable cost involved, his retention of a psychologist to read the scans, and his general lack of assets to pay for them. Other representations were also made to the court. They included

one about "the possibility that the results will not be favorable, will be negative" and another about being unable to "say to the Court that we absolutely, positively have to have these tests." On the other hand, nothing was said about the defensive theory allegedly being furthered or how the testing would further it. Ultimately, the trial court ruled that: "at this time [appellant] is not indigent under the law . . . so I cannot appoint – I can't order . . . further funds be spent for this particular expert."

Appellant did not expressly brief, on appeal, the actual ground upon which his first request was denied, that being his status as a non-indigent. Nor did he argue that the State must appoint an expert to a non-indigent defendant or pay for expert testing on behalf of a non-indigent. Nor did appellant, during this particular hearing, 1) reveal to the trial court the defense being pursued or 2) provide factual allegations or evidence illustrating how the expert testimony would support that defense. Instead, he suggested that the brain scans may prove unfavorable and he may not need the testing. Given these circumstances and the prerequisites mentioned in *Mason*, we cannot say the trial court's decision fell outside the zone of reasonable disagreement and constituted an instance of abused discretion.

As for the second request, it occurred the day the litigants picked a jury for trial. Counsel for appellant took a moment to 1) "reiterate for the record that that brain imaging is critical to our defense in this case," 2) explain "[t]here was a fall in June that we believe caused neurological damage and that . . . affected our client's ability to control his actions," 3) inform the court that they hired "Dr. John Fabian . . . who will testify . . . that brain imaging would be necessary in this case" and is "pretty expensive to accomplish." In response, the court said that "when the request [was originally] made, the defendant

was not indigent, and if that changed, that issue was not reurged, I guess, until now." So too did it ask if appellant was moving for a continuance. Upon counsel then moving for a continuance, the court denied the oral motion. However, it never ruled on the request for funds.

Preserving an issue for review requires the complainant to obtain a ruling on his motion or objection. *Balderas v. State*, 517 S.W.3d 756, 781 n.79 (Tex. Crim. App. 2016). Since the trial court never ruled on the request for funds when made immediately before choosing a jury, he failed to preserve his complaint for review. Nor did appellant complain on appeal about the trial court's refusal to grant him a continuance to undergo such scans. So, assuming *arguendo* that counsel's statements at this hearing supplied the requisite *Mason* information missing from the earlier request, we still cannot say the trial court's decision to proceed without granting appellant brain scan funds fell outside the zone of reasonable disagreement. *See Brown v. State*, No. 01-10-00320-CR, 2011 Tex. App. LEXIS 3443, at *6-7 (Tex. App.—Houston [1st Dist.] May 5, 2011, pet. ref'd) (mem. op., not designated for publication) (holding "that the trial court did not abuse its discretion by denying appellant's day-of-trial motion for a continuance and appointment of a chemist").

*Issue Two – Jury Instruction at Guilt/Innocence*

As for the remaining issue, appellant contends that "[t]he [current] procedure of proving sudden passion . . . does not allow a defendant to present a complete defense" and, consequently, deprived him of due process. This allegedly is so because in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), our United States Supreme Court held that "the State had the burden of proof to prove, during

4

guilt/innocence, that a defendant did not act with sudden passion," according to appellant. We overrule the issue.

While appellant did not mention *Mullaney* to the trial court, it has been interpreted as applying to situations where sudden passion is an element of murder per the statute involved. *Atkins v. State*, 402 S.W.3d 453, 459-60 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *see Almendarez-Torres v. United States*, 523 U.S. 224, 240-41, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) (observing that in *Mullaney*, the State of Maine "made the critical fact – the absence of 'heat of passion' – *not* simply a potential sentencing factor, *but also* a critical part of the definition of 'malice aforethought' which was itself . . . 'part of' the statute's definition of 'homicide,' the crime in question"). In Texas, "malice aforethought" is not an element of murder, *Atkins*, 402 S.W.3d at 460, but rather a mitigating factor for punishment. *Brookshire v. State*, No. 07-99-0215-CR, 2000 Tex. App. LEXIS 6338, at *6-7 (Tex. App.—Amarillo Sept. 18, 2000 pet. ref'd) (not designated for publication). So, requiring the defendant to illustrate he acted under sudden passion as a means of reducing his punishment does not violate due process. *Atkins,* 402 S.W.3d at 460; *Gipson v. State*, 82 S.W.3d 715, 724 (Tex. App.—Waco 2002, no pet.) (including the cases cited therein). That means the trial court did not err in refusing to instruct the jury in the manner requested.

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Do not publish.

5